## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| RONALD C. PERES, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3: 07-CV-0569-B |
| | § | |
| JPMORGAN CHASE BANK, N.A., | § | |
| successor to merger to BANK ONE, N.A., | § | |
| | § | |
| **Defendant.** | § | |

## MEMORANDUM ORDER

Before the Court are Plaintiff's Motion to Remand (doc.7) and Plaintiff's Motion to Strike (doc. 8), both filed on April 27, 2007.  Because the Defendant failed to remove the case within the one-year statutory period as required by 28 U.S.C. § 1446(b), Plaintiff's Motion to Remand is **GRANTED** .

## I.  BACKGROUND

This litigation arises from a suit filed by Plaintiff Ronald C. Peres in Texas state court on September 6, 2005 against Defendant JPMorgan Chase Bank, N.A., successor by merger to Bank One, N.A. (the "Bank").  Peres alleges that the Bank froze and later closed his various accounts damaging him and his businesses.  (Pl.'s First Am. Pet. ¶¶ 13, 14.)  On November 25, 2005, Peres notified the state court and the Bank that he filed bankruptcy on June 6, 2005.  (Pl.'s Suggestion of Bankruptcy.)  Five months later, on April 27, 2006, the state court issued an order to close the case under 11 U.S.C. § 362(a)(1). Pursuant to a motion filed by Peres and an agreed order signed by both parties, the court reinstated the case on February 7, 2007.

On March 30, 2007, the Bank removed the action to this Court under 28 U.S.C. § 1332(a), asserting diversity jurisdiction. (Notice of Removal ¶ 29.)  In his Motion to Remand, Peres contends that the Bank's removal was untimely under 28 U.S.C. § 1446(b) because it was filed more than one year after the commencement of the lawsuit.  Peres also argues that the Bank impermissibly relied on his confidential settlement offer to establish the amount in controversy. (Mot. to Remand 2.)  Accordingly, Peres asks the Court to remand the action back to state court and to strike references to the settlement offer from the Bank's removal notice.

## II. ANALYSIS

### A. Motion to Remand

Because the issue of the timeliness of the Bank's removal of this action proves dispositive, the Court begins and ends its analysis with that issue. Under 28 U.S.C. § 1446(b), a defendant may remove a case not initially removable within thirty days of receiving a pleading or other paper indicating that the case is one that may be removed.  A defendant, however, may not remove a case on the basis of diversity jurisdiction more than one year after "commencement of the action."  28 U.S.C. § 1446(b).  Under Texas law, a suit "commences" when the initial petition is filed. TEX. R. CIV. P. 22; *see also Shiver v. Sprintcom, Inc.*, 167 F. Supp. 2d 962, 963 (S.D. Tex. 2001).  Still, the Fifth Circuit has held that this one-year statutory period is subject to equitable considerations. *Tedford v. Warner- Lambert Co.*, 327 F.3d 423, 426-27 (5th Cir. 2003).

The removing party has the burden of demonstrating that removal was proper. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).  Further, "any ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Id.*; *see also Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000); *Partners in Funding, Inc. v. Quest Capital Res., LLC*, 2007 U.S. Dist. LEXIS 9483, at *6 (S.D. Tex. Feb. 8, 2007).

While the Bank concedes that it removed this case beyond the statutory one-year period, it urges that equitable considerations weigh in favor of an extension of the period.  (Def.'s Resp. 4.) In determining whether this case is subject to an equitable exception, the Bank asks the Court to consider (1) the state court's action in administratively closing the case, (2) the lack of substantial progress in state court, and (3) the existence of federal question jurisdiction over any lawsuit arising under or relating to cases under Title 11.  (*Id.*)  The Court's evaluation of each of these proposed considerations follows.

1. State Court Order to Administratively Close the Case

The Bank first argues that the state court's order administratively closing the case should be considered in determining whether an equitable exception applies. The Court agrees that this is a relevant consideration, but finds that under the circumstances of this case the closure alone does not justify an equitable exception.  Some courts have held that equity requires tolling of the removal period in certain cases involving automatic stays.  *See e.g. Value Recovery Group, Inc., v. Hourani,* 115 F. Supp. 2d 761, 767 (S.D. Tex. 2000) (citing *Patterson v. Int'l Bhd. of Teamsters, Local* 959, 121 F.3d 1345, 1349 (9th Cir. 1997) (stating that if an automatic stay is in effect at the time the plaintiff files a state court action the thirty-day period for removal does not begin to run until relief is obtained from the automatic stay) *and Easley v. Pettibone Mich. Corp.,* 990 F.2d 905, 908 (6th Cir. 1993) (stating that by operation of the automatic stay, the commencement of plaintiffs' action did not take place until the stay was lifted)).  The actions involved in *Patterson* and *Easley,* however, were filed *against* a debtor *during* an automatic stay.  Peres's action, in contrast, was filed *by* a debtor and was on the state court's docket for seven months before the order to close was issued and for nearly two months after the reinstatement of the case.  The Bank fails to offer any evidence or even suggest that it would have removed the case *but for* the automatic stay.  Further, it is important to

note that the Bank is not the debtor– it did not need "breathing room in which to reorganize." *Value Recovery,* 115 F. Supp. 2d at 767. The state court's administrative closure of the case thus does not warrant equitable tolling of the removal period.

### 2. Lack of "Substantial Progress"

Relying on *Tedford,* the Bank next argues that because no "substantial progress" has been made in the litigation of this case, removal beyond the statutory period would not frustrate the legislative purpose behind section 1446(b). True enough, but Chase Bank is side-stepping a key element of *Tedford.* The Fifth Circuit held that "*where a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction,* thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in §1446(b) be extended." *Tedford,* 327 F.3d at 429 (emphasis added). In other words, the progress (or lack thereof) made in the state court should be assessed only *after* evaluating the plaintiff's manipulative conduct. *See Hernandez v. Wyeth Pharmaceuticals, Inc.,* No. SA:06-CV-1025-WRF, 2007 U.S. Dist. LEXIS 31116, at *22 (W.D. Tex. Mar. 9, 2007) (analyzing progress made in state court, *after* finding no evidence of forum manipulation, to support its decision to remand).

Here, the Bank does not allege that Peres has acted in bad faith or has otherwise attempted to avoid federal jurisdiction. While the fact that Peres first sent a demand letter to the Bank after the one-year bar became effective may arouse one's suspicion as to Peres's motivations, merely suspicious behavior is not enough to demonstrate bad faith or forum manipulation. *See Foster v. Landon*, No. 04-2645, 2004 U.S. Dist. LEXIS 22440, at *7 (E.D. La. Nov. 3, 2004) (holding that plaintiff's conduct in delaying sending a demand letter which indicated the federal jurisdictional amount was satisfied until the statutory period had expired did not warrant the "rarely used

exception of equitable tolling"). Thus, while the progress in state court may not have been substantial, nothing in the *Tedford* decision, or in section 1446, suggests that lack of progress alone merits extending the time for removal.

### 3. Federal Question Jurisdiction

Lastly, the Bank advances a somewhat cryptic argument that the equities do not favor remand because this Court has federal bankruptcy jurisdiction over the case under 28 U.S.C. § 1334(b) because it "unquestionably arises under or is related to Plaintiff's bankruptcy." (Def.'s Resp. 5) Even assuming *arguendo* that federal jurisdiction would be proper under section 1334(b), the Bank's removal to federal court would still be untimely. The second paragraph of section 1446(b) provides that, even though a case might not be initially removable, a notice of removal may be filed within thirty days after the defendant's receipt of some "other paper" from which it may be ascertained that the case has become removable. *See* 28 U.S.C. § 1446(b). Peres filed his suggestion of bankruptcy on November 25, 2005. If Peres's bankruptcy made this case removable as the Bank seems to contend, then the Bank was required to file a notice of removal within thirty days of receiving Plaintiff's suggestion of bankruptcy. *See Hubbard v. Union Oil Co. of Cal.,* 601 F. Supp. 790, 795 (S.D. W. Va. 1985) (holding that defendant waived his right to remove the action to federal court based on diversity jurisdiction when he failed to remove the action within thirty days of "the date federal question jurisdiction was injected into the case"). As it was, the case was not removed until March 30, 2007, seventeen months after the case was filed and sixteen months after Peres filed his suggestion of bankruptcy. This is not the sort of vigilance envisioned by *Tedford* s sufficient to warrant an equitable exception to section 1446(b). *See Tedford*, 327 F.3d at 428 (finding that defendants "vigilantly sought to try this case in federal court" and that "every time it became

apparent that the right to remove existed" defendants "sought to exercise that right").

For all the foregoing reasons, the Court finds that none of the Bank's arguments justifies an equitable exception in this case. *See ConocoPhillips Co. v. Turner Indus. Group, L.L.C.*, No. G-05-516, 2006 U.S. Dist. LEXIS 5267, at *7 (S.D. Tex. Jan. 24, 2006) (holding removal was untimely, and stating that the Fifth Circuit's holding in *Tedford* must be construed strictly). Nor has the Bank offered any evidence indicating that Peres has attempted to avoid federal jurisdiction or acted in bad faith. *See Hernandez*, 2007 U.S. Dist. LEXIS 31116, at *1 (granting motion to remand because there was no evidence of bad faith on the part of the plaintiff); *Thomas v. Exxon Mobil Corp.*, No. 03-2269, 2003 U.S. Dist. LEXIS 20075, at *24 (E.D. La. Nov. 4, 2003) (holding that because "plaintiff's conduct does not amount to a manipulation of federal law governing procedure for removal, there is no equitable reason present in this case to 'disregard the unambiguous expression of Congressional intent when it enacted section 1446(b)'"). Accordingly, Chase Bank's removal was untimely, and this action should be remanded to state court pursuant to 28 U.S.C. § 1447(c).

## B. Motion to Strike

In light of the Court's decision on the Plaintiff's Motion to Remand, the Court need not address the issues presented by Plaintiff's Motion to Strike.

## III. CONCLUSION

For the reasons expressed in this order the Court finds that the Bank's removal of this case was untimely. Consequently, the Court **GRANTS** the Plaintiff's Motion to Remand and REMANDS this case. The Clerk is directed to transmit the file to the Clerk for the 193rd Judicial District Court of Dallas County, Texas.

SO ORDERED.

SIGNED  June 19th 2007.

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE